**Rhonda Robertson WILCOX et al., Appellants,**

v.

**Stephen R. WILMOTH et al., Appellees.**

**No. 11–86–104–CV.**

Court of Appeals of Texas, Eastland.

Dec. 4, 1986.

Rehearing Denied Dec. 31, 1986.

Melvin G. Bateman, Bateman & George, Athens, for appellants.

Donald A. Ray and Susan K. Terrell, Ray & Terrell, Mabank, for appellees.

## OPINION

DICKENSON, Justice.

The issue is whether a double-wide mobile home with an attached porch violates a deed restriction prohibiting "house trailers." The trial court concluded that the mobile home was an "offending structure" and issued a mandatory permanent injunction requiring its removal. We reverse and render.[1]

Rhonda Robertson purchased a lot in the Caney Creek Addition, a subdivision on Cedar Creek Lake, Henderson County, Texas. After purchasing the lake lot, Rhonda and Bill Wilcox purchased a new double-wide mobile home shortly before their marriage.

The mobile home was moved from the Redman Homes manufacturing facility in Athens, Texas, in two sections. Each section was 14 feet wide and 48 feet long. Neither section was usable until it was joined to the other. When the two sections were bolted together, the structure's dimensions were 28 feet wide and 48 feet long, containing 1344 square feet of living space. A large roofed porch was built along the side of the home which faced the lake; the trailer tongues and axles were removed; and a skirt was installed around the bottom of the mobile home after it had been leveled on concrete blocks.[2] The plumbing was connected to a septic tank.

Stephen R. Wilmoth and twelve other property owners in the subdivision filed suit after Rhonda and Bill took the position that their double-wide mobile home was not a "house trailer" within the meaning of the deed restrictions applicable to the subdivision. The case was decided by the trial court after a nonjury trial.

Since the trial court did not file findings of fact and conclusions of law pursuant to TEX.R.CIV.P. 296 and 297, we must presume that all disputed facts were found in support of the judgment. *Lassiter v. Bliss*, 559 S.W.2d 353 at 358 (Tex.1978). It should be noted that there is no controversy as to the evidentiary facts; only the legal conclusion to be drawn from those facts is disputed. While there is a dispute as to whether the double-wide mobile home is a house trailer or not, there is no dispute as to the dimensions of the structure or the manner of its construction. There is no dispute as to the wording of the deed restriction. The dispute concerns the legal effect of the language.

We disagree with the trial court's conclusion that the double-wide mobile home in this case is a "house trailer" within the meaning of the subdivision's deed restrictions. There is language in the Supreme Court's opinion in *Lassiter v. Bliss*,

1. This appeal was transferred from the Tyler Court of Appeals to this Court on May 21, 1986. See TEX.GOV'T CODE ANN. sec. 73.001 (Vernon Pamph.1986).

2. Photographs of this double-wide mobile home are shown on the Appendix to this opinion.

supra at 357, upon which the trial judge obviously relied in coming to the conclusion which he reached [that a "mobile home was a trailer"]; however, *Lassiter* is distinguishable from the case before us on two significant points. First, our case involves a double-wide mobile home which cannot be easily moved after its two separately transported sections have been bolted together and roofed, while *Lassiter* involved a single unit [12 feet wide and 65 feet long] mobile home. Second, the language in the restrictive covenants is different. In *Lassiter,* the relevant restrictive covenant provided:

> *No trailer,* basement, tent, garage or temporary quarters *shall at any time be used as a residence* on any portion of said Memorial Park Addition. [Emphasis added]

In the case before us, the relevant restrictive covenant provides:

> 5. *No building, house or cabin shall be moved onto any lot in this addition from other locations, unless they are new construction.*
>
>   \*    \*    \*    \*    \*    \*
>
> 7. *No* tents, *housetrailers* or temporary structures *shall be permitted* to remain on any lot for more than thirty days. [Emphasis added]

We also note that the statutes of this State now make a clear distinction between house trailers and mobile homes which are attached to realty. See Texas Manufactured Housing Standards Act, TEX.REV. CIV.STAT.ANN. art. 5221f (Vernon Pamph.Supp.1986).

█ It is well settled law in Texas that restrictive covenants are to be strictly construed against those who seek to restrict the use of property and that any doubt must be resolved in favor of the free use of the property. See *Turner v. England,* 628 S.W.2d 213 at 214 (Tex.App.—Eastland 1982, writ ref'd n.r.e.), and the authorities therein cited.

We also note that *Lassiter* did not overrule *Crawford v. Boyd,* 453 S.W.2d 232 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.), in which a new mobile home was moved from the factory to defendant's lot [as in the case before us], the wheels and axles were removed [as in the case before us], and a room was built and attached to the mobile home [in the case before us, a large roofed porch was built and attached to the mobile home], it would damage the structure to move it [again, the same], and it was intended as a permanent home [as in the case before us]. *Crawford* concluded that such a structure is not a "trailer home" within the deed restriction. The fact that the structure in this case is a double-wide mobile home makes the conclusion even more inescapable that it is not a "house trailer" within the meaning of the restrictive covenant.

The recent Tyler case of *Gigowski v. Russell,* 718 S.W.2d 16 (Tex.App.—Tyler, 1986), concerns a double-wide mobile home which was held to be in violation of a restrictive covenant. *Gigowski* is distinguishable because the covenant was much broader than the one in the case before us; it prohibited "any type mobile home."

Appellants' second point of error is sustained.[3]

The judgment of the trial court is reversed, and this Court renders judgment that appellees take nothing by their suit.

---

3. In their second point of error, appellants argue that:

> The trial court erred as a matter of law and abused its discretion in granting the permanent injunction because it based its judgment on an erroneous construction of the restrictive covenant involved.