**Stephen R. WILMOTH, et al., Petitioners,**

v.

**Rhonda Robertson WILCOX, et al., Respondents.**

**No. C–6141.**

Supreme Court of Texas.

July 1, 1987.

Rehearing Denied Sept. 16, 1987.

Donald A. Ray, Ray & Terrell, Gun Barrel City, for petitioners.

Melvin G. Bateman, Bateman & George, Athens, for respondents.

WALLACE, Justice.

The issue presented is whether a double-wide mobile home with an attached porch violates a deed restriction prohibiting "house trailers." The trial court held that the structure was a house trailer and or-dered its removal. The court of appeals reversed. 721 S.W.2d 587. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The restrictive covenants of Caney Creek Addition, a subdivision on Cedar Creek Lake, Henderson County, Texas, stated in pertinent part:

5. No building, house or cabin shall be moved onto any lot in this addition from other locations, unless they are new construction.

. . . . .

7. No tents, house trailers or temporary structures shall be permitted to remain on any lot for more than 30 days.

The Wilcoxes purchased a new double-wide manufactured home and had it transported to a lot in the Caney Creek Addition. The two 12 feet by 48 feet units were placed on concrete beams and joined together to make one structure. The wheels and axles were removed and a skirt was placed around the perimeter. A covered porch was then attached to one side of the home. Steven R. Wilmoth and other home-owners brought suit seeking a mandatory injunction, ordering the manufactured home removed because it violated the deed restrictions of the subdivision.

In addressing the issue presented we note that covenants restricting the free use of land are not favored by the courts, but when they are confined to a lawful purpose and are clearly worded, they will be enforced. *Davis v. Huey,* 620 S.W.2d 561 (Tex.1981). All doubts must be resolved in favor of the free and unrestricted use of the premises, and the restrictive clause must be construed strictly against the party seeking to enforce it. *Brown v. Wehner,* 610 S.W.2d 168, 170 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The words used in the restriction, and the restriction as a whole, may not be enlarged, extended, stretched or changed by construction. *Gilbert v. Shenandoah Valley Improvement Association,* 592 S.W.2d 28, 29 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). Rather, the words and phrases used in the covenant will be given their

commonly accepted meaning. *Curb v. Benson*, 564 S.W.2d 432, 433 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.). The words used in the restrictive covenant must be given the meaning which they commonly held as of the date the covenant was written, and not as of some subsequent date. *Davis v. Huey*, 620 S.W.2d at 627.

Our task is to determine the intent of the framers of the restrictive covenants. Did they intend that the term "house trailer" should be limited to the type of house trailer which was built at that time, as is contended by Wilcox; or did they intend the term to include the generic successors, *i.e.*, "manufactured homes?" The record shows that the term "house trailer" acquired an undesirable connotation resulting in a concerted effort by the industry to change its image. In the late 1960's the term "mobile home" began to replace the term "house trailer." In the late 1970's the industry applied the term "manufactured homes" to the products, replacing the name "mobile home." The Texas Manufactured Housing Standards Act, TEX.REV. CIV.STAT.ANN. art. 5221f (Vernon 1987), section 3(a) defines the term "mobile home" and section 3(u) defines the term "HUD-Code manufactured home." The definitions are identical except that a mobile home was constructed prior to June 15, 1976, and a manufactured home is one constructed subsequent to June 15, 1976, according to the Rules of the United States Department of Housing and Urban Development. This is essentially a distinction without a difference.

The only direct evidence of the framers' intent is from the testimony of J.B. Overturf, who co-developed the subdivision with his brother, John E. Overturf, Sr., the owner of the land comprising Caney Creek Addition. He testified that he, his brother and a surveyor named Hodges sat around the table and created the restrictions. He further testified that their definition of a "house trailer" was anything with a tongue on it that somebody pulled in and that the structure placed on the Wilcox' lot was a "house trailer" as they defined it in the restrictions.

In deciding a similar question, this court in *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.

1977), held that a 12 feet by 65 feet mobile home was prohibited by restrictive covenants proscribing "trailers." We approved the holdings in *Bullock v. Kattner*, 502 S.W.2d 828 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.) and *Phillips v. Zmotony*, 525 S.W.2d 736 (Tex.Civ.App.—Houston [14th Dist.] 1975), *reversed per curiam* 529 S.W.2d 760 (Tex.1975), which held that the phrase "no trailer" in the restrictive covenant proscribed mobile homes and house trailers. In *Zmotony*, the 14 feet by 80 feet trailer was connected to a private water supply. The wheels and tongue were removed, a metal skirt was installed around the bottom, and the unit was on concrete blocks and attached to the ground by tie-downs. In *Lassiter*, we further held that the term "trailer" is to be understood in its usual meaning regardless of whether it is referred to or described as a "house trailer" or a "mobile home." *Lassiter v. Bliss*, 559 S.W.2d at 356. We recently considered *Gigowski v. Russell*, 718 S.W.2d 16 (Tex.Civ.App.—Tyler 1986, writ ref'd n.r.e.), a case almost identical to this one. The restrictions in that case prohibited "any kind of mobile home." The mobile home, or manufactured home, was a double-wide, finished out with foundation, skirt and added porches, very similar to the Wilcox's unit. The court of appeals, in a well-reasoned opinion, concluded that the difference in nomenclature did not alter the intention of the framers of the restrictive covenants. The court further held that the use of the term "mobile home" included the term "manufactured home," therefore, the unit violated the restrictive covenants regardless of which term was used.

■ We hold that the intent of the restrictive covenants of Caney Creek Addition was to prohibit house trailers, mobile homes and manufactured homes in the Addition.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.