Margaret Preston KULKARNI and Venkatesh Srinivas Kulkarni, Appellants,

v.

BRAEBURN VALLEY WEST CIVIC ASSOCIATION, INC., Appellee.

No. A14–93–01048–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 1994.

G. Morris Hamm, Houston, for appellants.

Laura Ingle, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellants, Margaret and Venkatesh Kulkarni, built a chain link fence around their corner lot in Braeburn Valley West. Appellee, Braeburn Valley West Civic Association, sued to have the fence removed because it allegedly violated the deed restrictions. The trial court found that appellants' fence was in violation of the deed restrictions and granted

a temporary injunction ordering appellants to "remove the chain link fence, chain link gates, and pieces of the concrete 'anchors' for the fence posts from around the perimeter of the property." Appellants raise five points of error. We reverse the trial court's order granting a temporary injunction.

In their first point of error, appellants' argue that the trial court abused its discretion by enjoining the fence across the entirety of appellants' property. An injunctive decree should inform the defendants of the acts they are restrained from doing, without calling for inferences about what conduct is prohibited. *Hellenic Inv., Inc. v. Kroger Co.*, 766 S.W.2d 861, 866 (Tex.App.—Houston [1st Dist.] 1989, no writ). However, an injunctive decree may not be framed so broadly as to prohibit the enjoyment of lawful rights. *Id.* An order granting or denying a temporary injunction is reviewed under a abuse of discretion standard. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978). A reviewing court must determine whether a reasonable basis existed for the trial court's conclusion that the applicant had shown a probable right to recover on the merits. *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961).

Covenants restricting the free use of land are not favored by the courts and are strictly construed. *Wilmoth v. Wilcox*, 734 S.W.2d 656, 657 (Tex.1987). The words and phrases used in the covenant will be given their commonly accepted meaning and will not be enlarged, extended, stretched or changed by construction. *Id.* at 657–58. All doubts must be resolved in favor of the free and unrestricted use of the premises. *Id.* at 657.

We believe that the trial court abused its discretion by ordering appellants to remove the entire fence around their property. Braeburn's deed restrictions expressly allow fences on corner lots except within the triangle formed by the two streets within twenty-five feet of the intersection.[1] The trial court could not have reasonably concluded that appellee had a right to have appellants' entire fence removed. Consequently, the trial

---

1. Section fifteen of Braeburn's deed restrictions provides as follows:

No fence, wall, hedge, shrub or planting of any kind which obstructs sight lines and elevations between two and six feet above the roadways

court's temporary injunction is too broad in that it prevents appellants' from having a fence where they are legally entitled to have one under the deed restrictions. Appellants' first point of error is sustained.

Because we are sustaining appellants' first point of error, we need not address appellants' other points of error. The order of the trial court is reversed and remanded.

shall be placed or permitted to remain on any corner Lot within the triangular area formed by the street property lines and a line connecting them at points twenty-five (25) feet from the intersection of the street lines, or in the case of a rounded property corner, from the intersection of the street property lines extended. The same sight line limitations shall apply on any Lot within ten (10) feet from the intersection of a street property line with the edge of a driveway or side line of such Lot. No tree shall be permitted to remain within such distances of such intersection unless the foliage line is maintained at sufficient height to prevent obstruction of such lines, and provided further that no fence, wall, hedge, tree, shrub, or planting of any kind shall be allowed to or shall extend past the interior boundary of the rear utility easement abutting any Lot and if any Lot shall have no rear utility easement, then, and in that event, this restriction shall be deemed to apply to the boundary of any drainage easement or drainage course shown on the plat.