**Gerald John BENARD and Jennie Attaway Benard, Appellants,**

v.

**Asa Henry HUMBLE and Point Lookout Owners' Association, Inc., Appellees.**

No. 09–98–239CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 11, 1999.

Decided April 22, 1999.

Kenna M. Seiler, Hope & Causey, Conroe, for appellants.

Travis E. Kitchens, Jr., Evans and Kitchens, Groveton, for appellees.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

This case involves alleged violations of the Deed Restriction of Point Lookout Estates. Appellants, Gerald John Benard and Jennie Attaway Benard, rented their homes to various families and individuals on a weekly or weekend basis. Appellee, Asa Henry Humble, originally filed suit against Appellants alleging several causes of action which included Deed Restriction violations. Appellants filed a separate suit against Humble and Point Lookout Owners' Association, Inc. alleging multiple causes of action. Point Lookout also brought suit against Appellants. These three lawsuits were consolidated into the original suit from which this appeal is taken.

All claims, with the exception of whether there was a violation of the Deed Restrictions were settled and compromised between the parties. The parties filed an Agreed Motion to Dismiss which was granted by the trial court. The case was submitted to the trial court on stipulated facts. The trial court held that the use of the property in question "as a vacation rental for weekends and/or weekly rentals to different groups of people by JENNIE ATTAWAY BENARD is a violation of Deed Restriction No. 1" for Point Lookout Estates. The trial court further held that any renting for a period of less than ninety days would also be a violation of Deed Restriction No. 1. Appellants lone appellate issue for review asks:

> Whether the trial court erred in holding that the Restriction that states: "No lot shall be used except for single-family residence purposes" prohibits renting for a period of less than ninety days and prohibits renting to anyone other than a single family.

We find no need to set forth details from the stipulated facts, choosing to focus solely upon whether the trial court erred in its interpretation of the "single-family residence purposes" language.

It is the duty of this Court, as it was the duty of the trial court, to review the wording of the restrictive language and determine therefrom, the intent of the drafter. *See Wilmoth v. Wilcox,* 734 S.W.2d 656, 658 (Tex.1987). Most importantly however, in our effort to determine such intent, we must give liberal construction to the covenant's language, seeking to insure that its provisions are given effect. TEX. PROP.CODE ANN. § 202.003(a) (Vernon 1995); *see Crispin v. Paragon Homes, Inc.,* 888 S.W.2d 78, 81 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Though statutorily we are to liberally construe the questioned language, liberality must be toned to the given facts. For example, our Texas Supreme Court has stated: "Restrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubt should be resolved in favor of the free and unrestrictive use of the premises." *Davis v. Huey,* 620 S.W.2d 561, 565 (Tex.1981). Words used in restrictions and the restriction as a whole, may not be enlarged, extended, stretched, or changed by construction; rather, the words must be given their commonly accepted meaning at the time the covenant was written. *Wilmoth,* 734 S.W.2d at 657–58. Further, should there exist ambiguity or doubt as to intent or meaning, the covenant is to be strictly construed against the party seeking to enforce same, and favorably toward the free and unrestricted use of the premises. *Id.* at 657.

This judicial toning however, must never lose sight of legislative intent. We believe that the legislature, in its enactment of § 202.003(a) intended that restrictive covenants be construed in a manner which may occasionally run hard afoul of strict common law requirements, i.e., strict construction favoring grantee, and strict construction against the drafter. Invariably, the strong but clear statutory language of § 202.003(a) does not mesh with established common law contract princi-

ples, creating a perpetual need for reconciliation.

The present case is a prime example of the dilemma: The deed restrictions in question do not explicitly contain language covering temporary renting of property. Were we to give construction against the drafter of the covenant, we would be required to reverse the trial court's judgment. However, understanding the mandate of § 200.003(a), and paragraph II, § 1 of the deed restrictions, which provides that, "No lot shall be used except for single-family residence purposes," we must attempt to give purpose to the intended meaning of "single-family residence purposes."

In the present case, Appellants were "renting" subdivision property on a weekly and/or weekend basis. Appellants use of their property as rental property could be more aptly described as temporary, or for retreat purposes, or transient housing, rather than for residential purposes. The trial court made nineteen findings of fact and four conclusions of law supportive of its declaratory judgment. This Court in *Sargent v. Smith,* 863 S.W.2d 242, 250 (Tex.App.—Beaumont 1993, no writ), provided the following observation:

> Therefore, in construing the pertinent and relevant covenants so that their purposes, intents, intendments, and intentions be made effective, it is mandatory that the fact-finder ascertain such element as the purposes, intents, and intentions of the developers in preparing and making a public record of the restrictive covenants, restrictions, and other limitations governing Lake Renee Subdivisions. *See and compare Travis Heights Imp. Ass'n v. Small,* 662 S.W.2d 406 (Tex.App.—Austin 1983, no writ).

Ostensibly, Appellants argue that the restrictive covenant does not exclude renting as an owner's option for use of his or her property for "residential purposes." We believe such perspective to be overbroad. Renting per se is certainly nonviolative of the restrictions in question.

However, we agree with the trial court that the types of rental use runs afoul of the single-family residential purposes provision. Our trial court having no definitive case law guidance covering this particular fact situation apparently resorted to good common sense in its application of existing case law and statutory law. Judge Dean, in attempting to give liberal protection to the single-family residential purpose provisions, considered TEX. FAM.CODE ANN. § 6.301 (Vernon 1998), which requires ninety days to establish residency for the purposes of filing a divorce action. In *Slusher v. Streater,* 896 S.W.2d 239, 243–44 (Tex.App.—Houston [1st Dist.] 1995, no writ), the Houston Court dealt with the issue of residency in the context of voting and the Texas Election Code:

> Section 1.015 provides that " 'residence' means domicile, that is, one's home and fixed place of habitation to which he intends to return after any temporary absence." TEX. ELEC.CODE ANN. § 1.015 (Vernon 1986). Residency is determined in accordance with the common law, except as otherwise provided by the Code. TEX. ELEC.CODE ANN. § 1.015(b) (Vernon 1986). A person does not lose his or her residence by leaving home temporarily. TEX. ELEC. CODE ANN. § 1.015(c) (Vernon 1986). A person does not acquire a residence in a place to which he or she has come temporarily and without the intention of making that place his or her home. TEX. ELEC.CODE ANN. § 1.015(d) (Vernon 1986).

> The term "residence" is an elastic one and is extremely difficult to define. *Mills v. Bartlett,* 377 S.W.2d 636, 637 (Tex.1964). The meaning that must be given to it depends on the circumstances surrounding the person involved and largely depends upon the present intention of the individual. *Id.* Volition, intention, and action are all elements to be considered in determining where a person resides, and such elements are equally pertinent in denoting the perma-

nent residence or domicile. *Id.*"Neither bodily presence alone nor intention alone will suffice to create the residence, but when the two coincide at that moment the residence is fixed and determined." *Id.*There is no specific length of time for the bodily presence to continue. *Id.*

Thus the focus in determining the residence of a voter is on the voter's home and fixed place of habitation. *Espinoza,* 844 S.W.2d at 247. "Intention and residence are important evidentiary factors, and a temporary move from one place to another will neither create a new residence nor lose an old one." *Id.*In assessing presence, the cases have considered such conduct as where the voter sleeps and keeps clothes and furniture, and the length of time spent in the alleged residence. *Id.*

It is apparent to this Court that Judge Dean went to great lengths to reconcile statutory and common law principles with this given fact situation. We cannot say that the trial court abused its discretion in declaring that Appellants use of their property violated the deed restrictions in question. We affirm the trial court's declaratory judgment.

AFFIRMED.

DON BURGESS, Justice, dissenting.

I reluctantly dissent. My dissent is reluctant because it is clear the trial judge approached the matter with great care and fashioned what he believed to be a just result. The majority places some emphasis on the language of Tex. Prop.Code Ann. § 202.003(a) (Vernon 1995). However, two cases have determined there is no meaningful distinction between the statute and the rule announced in *Wilmoth v. Wilcox,* 734 S.W.2d 656, 657 (Tex.1987) that "[a]ll doubts must be resolved in favor of the free and unrestricted use of the premises, and the restrictive clause must be construed strictly against the party seeking to enforce it." *See Ashcreek Homeowner's Ass'n, Inc. v. Smith,* 902 S.W.2d 586, 588–

89 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Crispin v. Paragon Homes, Inc.,* 888 S.W.2d 78, 81 n. 1 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

The majority and the trial court are quite correct in holding that the covenant in question does not prohibit the renting of the residences. Furthermore, a residential use restriction generally does not prohibit the use of property for duplexes, apartments or condominiums. *See Mac-Donald v. Painter,* 441 S.W.2d 179, 182 (Tex.1969); *Stephenson v. Perlitz,* 532 S.W.2d 954, 955 (Tex.1976).

While the majority is technically correct when they state the trial court had no *definitive* case law covering this particular situation, *Munson v. Milton,* 948 S.W.2d 813, 816–17 (Tex.App.—San Antonio 1997, writ denied) is somewhat similar. In that case the use of a residence for transient housing was deemed to be prohibited by the restrictive covenants only because those covenants specifically declared that "[m]otel, tourist courts, and trailer parks shall be deemed to be a business use" and the restrictive covenants allowed only residential use. The court read the provisions together in determining the intent of the covenants.

Here there is no additional covenant to discern the intent of the drafter. Therefore, I believe the still viable rule that allows for the free and unrestricted use of property should control. Therefore, I would reverse the judgment and render in favor of appellants.