**Affirmed and Memorandum Opinion filed July 2, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00333-CV

---

### BRIDGEWATER COMMUNITY ASSOCIATION, Appellant

### V.

### DREW LEE GREEN, Appellee

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-27326**

---

## M E M O R A N D U M   O P I N I O N

Appellant Bridgewater Community Association filed a petition and application for injunction alleging that appellee Drew Lee Green violated a deed restriction by parking a box truck in his driveway. After a bench trial, the trial court signed a take-nothing judgment in Green's favor and made findings of fact and conclusions of law.

In its first issue, the Association contends that section 204.010 of the Property Code provides an independent source of authority under which it was

entitled to pass Architectural Control Guidelines that prohibited Green from parking his truck in the driveway. We disagree because the trial court found that the Guidelines were not voted on or ratified in accordance with the statutorily required formalities, and the Association has not challenged that finding on appeal.

In its second issue, the Association argues the trial court erred by interpreting the deed restrictions' prohibition against nuisances and annoyances to forbid only substantial interference or unreasonable annoyance. The Association asserts that the term annoyance has a broader plain meaning, and that Green's conduct qualified as an annoyance under the Guidelines. We need not decide whether the trial court erred in construing the terms because it found that the Association presented no evidence that Green's conduct constituted an annoyance.

In its third issue, the Association alleges it has the discretionary authority to interpret the deed restrictions' prohibition to include annoying conduct. Alternatively, if we determine that the prohibition is for the court to interpret, the Association contends that we must interpret it liberally under section 202.003 of the Property Code. We need not decide these issues because there can be no valid exercise of discretionary authority given the lack of evidence that Green's conduct constituted an annoyance. We affirm the trial court's judgment.

## BACKGROUND

Green is the owner of property subject to deed restrictions that the Association is charged with enforcing. The deed restrictions are contained in an instrument entitled Declaration of Covenants, Conditions, and Restrictions. In relevant part, the deed restrictions provide that "[n]o noxious or offensive trade or activity shall be carried on upon any portion of the Subdivision, nor shall anything be done thereon which may become an annoyance or a nuisance to the residents of the Subdivision or in any way endanger the health of the residents."

2

In 2006, the Association issued Architectural Control Guidelines. The Guidelines include the following provision:

No property owner or resident of a Lot shall park, keep or store any vehicle on a Lot which is visible from any street in the Subdivision or neighboring Lot other than a passenger vehicle or pick-up truck and then only if the vehicle is parked on the driveway of a Lot for a period not exceeding forty-eight (48)[] consecutive hours.

Green had been parking his Isuzu box truck in his driveway every day since 2004. In April 2008, the Association notified Green of purported violations of the deed restrictions and Guidelines. The Association subsequently filed suit seeking an injunction to halt the alleged violations. Following a bench trial, the court signed findings of fact and conclusions of law and rendered judgment that the Association take nothing. This appeal followed.

## ANALYSIS

**I.    The trial court's finding that the Association did not comply with section 204.010 of the Property Code in enacting the Architectural Control Guidelines has not been challenged on appeal.**

In its first issue, the Association argues it was statutorily authorized to enact the Architectural Control Guidelines, which prohibit Green from parking his truck in his driveway. In particular, the Association contends that under section 204.010 of the Property Code, it has the authority to regulate the use and appearance of the subdivision and to implement written architectural control guidelines. Tex. Prop. Code Ann. § 204.010(a)(6), (a)(18) (West 2014). In the Association's view, section 204.010 is a source of authority to regulate the subdivision that is independent from its authority under the deed restrictions.

Section 204.010(a) of the Texas Property Code states that, "[u]nless otherwise provided by the restrictions or the association's articles of incorporation

or bylaws, the property owners' association, acting through its board of directors or trustees, may … (6) regulate the use, maintenance, repair, replacement, modification, and appearance of the subdivision." Tex. Prop. Code Ann. § 204.010(a)(6) (West 2014). Under subsection (a)(18), a property owners' association acting through its board of directors or trustees may, under certain circumstances, implement written architectural control guidelines for its own use and modify the guidelines as the needs of the subdivision change. Tex. Prop. Code Ann. § 204.010(a)(18) (West 2014).

Relying on these provisions, the Association alleges the trial court failed to properly apply its correct conclusion of law number one, which acknowledges that "Pursuant to [section 204.010(6) of the Property Code, the Association] has the power to regulate the use . . . and appearance of the subdivision." The Association asserts the court misapplied this conclusion when, in conclusion of law number four, it stated that "[t]he [G]uidelines burden the Property solely to the extent any applicable restriction or requirement is also set forth in the [deed restrictions] and/or authorized by it whether directly or by way of discretion entrusted to the [Architectural Control Committee]." The Association contends the trial court also erred in conclusion of law number ten, which states that the Architectural Control Guidelines do not bind Green's property. According to the Association, the Guidelines bind Green's property due to the Association's authority under section 204.010.

We agree that section 204.010 of the Property Code provides an independent source of authority for a property owners' association to regulate the use and appearance of a subdivision and implement written architectural control guidelines. The trial court's finding of fact twenty-one, however, states that the Guidelines were not "voted on or ratified by the [Association] or its members in accordance

4

with the formalities of either Texas Property Code [Chapter] 201 or 204." That finding has not been challenged on appeal. Indeed, appellant's brief concedes that "the Association does not directly contest the trial court's Findings of Fact Number[] . . . 21 . . . ." By its express terms, section 204.010(a) requires that the property owners' association "act[] through its board of directors or trustees" to implement architectural control guidelines. Tex. Prop. Code Ann. § 204.010(a). Because the association does not challenge the trial court's finding that it failed to comply with this provision, the trial court correctly concluded that the Guidelines do not bind Green's property. We overrule the Association's first issue.

## II. Even under the Association's interpretation of the deed restrictions, it has not shown that Green's conduct was an annoyance or nuisance.

Turning from the Guidelines to the deed restrictions, the Association's second issue challenges the trial court's interpretation of the restrictions' prohibition against annoyances and nuisances. The Association argues the trial court erred in conclusion of law number six, which states that "the only nuisances prohibited by the terms of the Declaration are such as would be considered a common law nuisance with respect to residential subdivisions and uses of a similar nature as involved herein."

We review the trial court's interpretation of a restrictive covenant de novo. *City of Pasadena v. Gennedy*, 125 S.W.3d 687, 692 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Restrictive covenants are subject to the general rules of contract construction. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998). When construing a restrictive covenant, our primary goal is to ascertain and give effect to the intent of its drafters, using the language of the instrument as our guide. *Uptegraph v. Sandalwood Civic Club*, 312 S.W.3d 918, 925 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We examine the covenant as a whole in light of the

circumstances present when it was written, affording words and phrases their commonly accepted meanings. *Pilarcik*, 966 S.W.2d at 478–79; *Wilmoth v. Wilcox*, 734 S.W.2d 656, 657–58 (Tex. 1987).

The Association argues that the trial court erred in equating the words nuisance and annoyance as used in the deed restrictions with the common-law cause of action for nuisance. At common law, a nuisance is "a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities." *Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 269 (Tex. 2004). The Association asserts that, in interpreting restrictive covenants, we should give words their commonly accepted meanings. *See Wilmoth*, 734 S.W.2d at 657-58. The Association also contends the Architectural Control Guidelines demonstrate that Green's conduct qualifies as an annoyance or nuisance under the commonly accepted meanings of those words. The trial court thus erred, the Association asserts, by requiring unreasonable annoyance or substantial interference.

We need not determine whether the trial court erred in construing the terms nuisance and annoyance as used in the deed restrictions in accordance with the common-law definition of nuisance. In finding of fact seventeen, the trial court found that "[n]o evidence was presented that [Green's] actions annoyed subdivision residents or endangered their health." That finding has not been challenged on appeal. Accordingly, the Association could not prevail even under its proposed interpretation of the deed restrictions.

The Association attempts to rely on the Guidelines as evidence that Green's conduct constituted an annoyance or nuisance under the deed restrictions. This argument is unpersuasive for two reasons. First, as indicated above, the Association has not challenged the trial court's finding that the Guidelines were

6

not adopted in accordance with section 204 of the Property Code. Second, the portion of the Guidelines upon which the Association relies prohibits keeping a vehicle on a lot under certain circumstances, but it does not indicate that such conduct constitutes an annoyance or nuisance. The provision at issue is found in the section entitled Vehicles.[1] An entirely different section of the Guidelines addresses nuisances. That section provides that a nuisance includes: parking vehicles in a manner that obstructs a sidewalk, street, or right-of-way; and parking certain trailers, recreational vehicles, or similar property on any lot. But the section does not list parking of operable vehicles in driveways as a nuisance, and there is no evidence that Green's truck was an obstruction when parked in his driveway.

The Association points to no other evidence in the record that Green's conduct violated the deed restrictions. Accordingly, even if we were to conclude that the prohibition against annoyances and nuisances in the deed restrictions is broader than the common law, the Association has not shown that Green violated that prohibition. We overrule the Association's second issue.

## III. Because the Association failed to show that Green's conduct was an annoyance or nuisance, we need not resolve the Association's remaining statutory arguments.

---

[1] The deed restrictions do contain a section regulating the storage of vehicles, which provides:

> No portion of the streets or Common Area shall, without the express written permission of the Association, be used for the storage of boats, trailers, campers, unused or inoperable automobiles, or any items which the Association deems unsightly or inappropriate. Boats, trailers, campers, unused or inoperable automobiles and other machinery consistent with the use of the premises as residence may be kept on lots provided they are kept or stored within a garage or such other place as may be completely out of view from the Common Area or any street or adjacent lot.

The Association has not argued on appeal that this section is applicable. In any event, Green's truck was parked in his driveway, not in the streets or in a common area, and it is undisputed that Green's truck was operable.

In its third issue, the Association makes two arguments. First, it argues that it has the discretionary authority to interpret what conduct constitutes a nuisance or annoyance under the deed restrictions. The Association contends its interpretation of the term nuisance is entitled to a presumption of reasonableness under section 202.004 of the Property Code. Section 202.004, titled Enforcement of Restrictive Covenants, provides that "[a]n exercise of discretionary authority by a property owners' association . . . concerning a restrictive covenant is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory." Tex. Prop. Code Ann. § 202.004(a) (West 2014). Courts have applied this section when reviewing an association's discretionary decision to grant or deny a homeowner's request for a variance. *See, e.g.*, *Leake v. Campbell*, 352 S.W.3d 180, 183, 190 (Tex. App.—Fort Worth 2011, no pet.). Our Court has left open the question whether 202.004(a) also extends to an association's interpretation of restrictive covenants. *See Wiese v. Heathlake Cmty. Ass'n*, Inc., 384 S.W.3d 395, 401, 404–05 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Second, in the event we determine that the interpretation of the terms nuisance and annoyance is for a court to decide, the Association asserts that section 202.003 of the Property Code requires courts to interpret the provision liberally. *See* Tex. Prop. Code Ann. § 202.003(a) (West 2014) ("A restrictive covenant shall be liberally construed to give effect to its purposes and intent.").

At common law, covenants restricting the free use of land are not favored, but they will be enforced if clearly worded and confined to a lawful purpose. *Wilmoth*, 734 S.W.2d at 657. If any doubts arise from the terms of a covenant, such doubts are resolved in favor of the free and unrestricted use of land. *Id.* Courts cannot enlarge, extend, stretch, or change the words of the restriction by

8

construction. *Id.* If the covenant contains any ambiguity, it is strictly construed against the party seeking to enforce it. *Id.* In 1987, the Legislature added the predecessor to section 202.003, providing that all restrictive covenants in instruments governing certain residential developments must be liberally construed to give effect to their purpose and intent, regardless of the date on which they were created. *See* Act of May 23, 1987, 70th Leg., R.S., ch. 712, § 1, 1987 Tex. Gen. Laws 2585, 2585 (current version at Tex. Prop. Code Ann. §§ 202.002(a), 202.003(a) (West 2014)).

Texas appellate courts have not been consistent in their discussion or application of these two rules of construction. *See Wiese*, 384 S.W.3d at 401–02 (discussing the various ways courts address the two rules of construction). The Supreme Court of Texas has noted, but not addressed, the potential tension between section 202.003(a) and the common law. *See Pilarcik*, 966 S.W.2d at 478 (noting party's argument that section 202.003(a) superseded the common-law rule but not deciding the issue).

In this case, we need not decide whether a property owners' association's discretionary authority under section 202.004(a) applies to its interpretation of restrictive covenants, or whether section 202.003(a) supplants the common law, because the trial court found the Association had presented no evidence that Green's conduct "annoyed subdivision residents or endangered their health." Given the Association's failure to show annoyance, an opportunity to exercise any discretionary authority or to construe the restriction liberally did not arise.

The Association seems to argue that it should be allowed to adopt an interpretation of the terms nuisance and annoyance under which it need not provide evidence that a homeowner's conduct is in fact a nuisance or annoyance. We cannot agree with such an interpretation, which would give the Association

unfettered discretion to take action against property owners for conduct it considers undesirable while giving owners no advance notice of what actions are prohibited. To the extent the Association makes this argument, we conclude such an interpretation is arbitrary and would thus overcome a presumption (if any) that its exercise of discretionary authority is reasonable. *See Wiese*, 384 S.W.3d at 405 (concluding that even if section 202.004(a) applies, reasonableness presumption was overcome when association's interpretation was arbitrary on its face). In addition, to the extent the Association relies on the Guidelines as evidence of nuisance or annoyance, its reliance is misplaced for the reasons explained above. We overrule the Association's third issue.

## CONCLUSION

Having overruled the Association's issues, we affirm the judgment of the trial court.


/s/     J. Brett Busby
        Justice



Panel consists of Justices Jamison, Busby, and Brown.