# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00660-CV

**Craig Zgabay and Tammy Zgabay, Appellants**

**v.**

**NBRC Property Owners Association, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 433RD JUDICIAL DISTRICT
## NO. C2014-0501C, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Craig and Tammy Zgabay appeal from the trial court's order granting summary judgment in favor of appellee NBRC Property Owners Association, the homeowners association in the River Chase subdivision, and denying their motion for summary judgment. Because the restrictive covenants on which the Association relies allow for the leasing of a home but do not impose any term of duration, we reverse the trial court's order in favor of the Association, render judgment in favor of the Zgabays, and remand the cause for consideration of attorney's fees.

### Factual and Procedural Background

Properties in the subdivision are subject to a Declaration of Covenants, Conditions, and Restrictions (the "restrictive covenants"), which provide that properties in the subdivision are only to be used "for single family residential purposes." The Zgabays bought land in the subdivision in 2000, built a house on it, and lived there for a number of years. In 2014, they began to rent the

house when they were not in occupancy, for terms of fewer than thirty days. They later moved to a different home, retaining their house in the subdivision as a rental property. At the time of trial, the house was rented under a one-year lease, and the Zgabays intend to continue advertising and renting the house for varying lengths of time, paying hotel and lodging taxes when the house is rented for fewer than thirty days. In 2014, the Association demanded that the Zgabays cease short-term and vacation rentals and online advertising of their property, asserting that such use was in violation of the restrictive covenants.

The Zgabays responded by filing suit seeking declaratory relief that the restrictive covenants do not prohibit short-term rentals or restrict rentals based on duration and that renting the house to an individual or single family for residential use is considered a "single family residential purpose" that is allowed under the restrictive covenants . The Association counterclaimed, seeking injunctive relief and statutory damages under the property code.[1] Both the Zgabays and the Association moved for traditional summary judgment, and the trial court granted summary judgment in favor of the Association, denying the Zgabays' motion.

## Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Summary judgment is proper only if the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Joe*, 145 S.W.3d at 156. When, as

---

[1] A trial court "may assess civil damages for the violation of a restrictive covenant in an amount not to exceed $200 for each day of the violation." Tex. Prop. Code § 202.004(c).

here, both parties seek summary judgment and the court grants one and denies the other, we render the judgment that the trial court should have rendered. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

When interpreting restrictive covenants, we apply the general rules of contract construction. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998). We construe the covenants "as a whole in light of the circumstances at the time the parties entered into the agreement, giving effect to every sentence, clause, and word of a covenant, and avoiding constructions that would render parts of the covenant superfluous or inoperative." *Sharp v. deVarga*, No. 03-05-00550-CV, 2010 WL 45871, at *3 (Tex. App.—Austin Jan. 8, 2010, pet. denied) (mem. op.) (citing *Pilarcik*, 966 S.W.2d at 478; *Owens v. Ousey*, 241 S.W.3d 124, 129 (Tex. App.—Austin 2007, pet. denied)). In construing restrictive covenants, we seek to give effect to the parties' true intention, *Owens*, 241 S.W.3d at 129, and our focus is on "their objective intent, as it is reflected in the written contract," *Sharp*, 2010 WL 45871, at *3 (citing *Tien Tao Ass'n v. Kingsbridge Park Cmty. Ass'n*, 953 S.W.2d 525, 528 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *Travis Heights Improvement Ass'n v. Small*, 662 S.W.2d 406, 410 (Tex. App.—Austin 1983, no writ)).

If a restrictive covenant can be given definite legal meaning, it is unambiguous and should be construed liberally to effectuate its intent.[2] *See* Tex. Prop. Code § 202.003; *Jennings v. Bindseil*, 258 S.W.3d 190, 195 (Tex. App.—Austin 2008, no pet.). However, when a restrictive

---

[2] Although neither the Association nor the Zgabays assert that the covenants are ambiguous, we are not bound by those conclusions. "Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered." *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983).

3

covenant may reasonably be interpreted in more than one way, it is ambiguous, and we will resolve all doubts in favor of the free and unrestricted use of the property, strictly construing any ambiguity against the party seeking to enforce the restriction. *Wilmoth v. Wilcox*, 734 S.W.2d 656, 657 (Tex. 1987); *Hicks v. Falcon Wood Prop. Owners Ass'n*, No. 03-09-00238-CV, 2010 WL 3271723, at *7 (Tex. App.—Austin Aug. 19, 2010, no pet.) (mem. op.); *Sharp*, 2010 WL 45871, at *3; *Jennings*, 258 S.W.3d at 195; *Dyegard Land P'ship v. Hoover*, 39 S.W.3d 300, 308-09 (Tex. App.—Fort Worth 2001, no pet.); *Pebble Beach Prop. Owners' Ass'n v. Sherer*, 2 S.W.3d 283, 288 (Tex. App.—San Antonio 1999, pet. denied). The party seeking to enforce a restrictive covenant has the burden of showing that the restriction is valid and enforceable. *Sharp*, 2010 WL 45871, at *3; *Gillebaard v. Bayview Acres Ass'n*, 263 S.W.3d 342, 347 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

### Discussion

Under the restrictive covenants, the Zgabays' house may be used "for single family residential purposes." The Association asserts that short-term rental of a property is not single family residential use; the Zgabays assert that rental of the property by an individual or a family, regardless of the term of the lease, is a single family residential purpose.[3]

---

[3] The trial court, in considering the parties' motions for summary judgment, determined that in using the term "residential," the restrictive covenants meant "to occupy a place over a substantial period" without explaining exactly what a "substantial period" would be, thus injecting ambiguity into its ruling.

The restrictive covenants do not define "single family residential purposes."[4]  They do, however, permit signs advertising a property for sale or rent, subject to specific limitations.  This informs the meaning of "single family residential use" in that we know that leasing of homes was contemplated by the drafters and is permissible under the covenants.  As for whether the covenants state a minimum permissible duration for the leasing of homes, the covenants do not provide any minimum term for which a property may be leased but do address the use of a temporary structure such as a mobile home, a barn, or a garage as a residence, stating that such a structure may never be used as a residence except for up to six months while the permanent house is under construction.  Therefore, it is clear that the drafters of the covenants considered and knew how to impose a duration on particular uses or types of structures.

Looking at the restrictive covenants as a whole, we conclude: (1) that the leasing or renting of residences in the subdivision is permissible, (2) that the covenants themselves do not place any limit on the duration of the leasing of a residence, and (3) that the drafters were familiar with the concept of time limits with regard to uses that may be made of structures in the subdivision and did

[4]  Reference to common usage does not lead to a definitive answer of what was intended by the phrase "single family residential purposes." For example, *Merriam-Webster* defines "residential" as "used as a residence," "restricted to or occupied by residences"; "residence" is defined as "a building used as a home." *Merriam-Webster's Collegiate Dictionary* (11th ed.) (http://www.merriam-webster.com/dictionary/residential). *Webster's* defines "residential" as "used, serving, or designed as a residence" or "restricted to or occupied by residences," and defines "residence" as "the act or fact of abiding or dwelling in a place for some time" or "the place where one actually lives or has his home as distinguished from his technical domicile." *Webster's Third New Int'l Dictionary* 1931 (2002) (synonyms include "dwell," "sojourn," "lodge," "stay," and "put up"). *Black's* defines "residence" as "living in a given place for some time" or as a "house or other fixed abode; a dwelling," and notes that it usually "just means bodily presence as an inhabitant," whereas "domicile" usually "requires bodily presence plus an intention to make the place one's home." *Black's Law Dictionary* 1423 (9th ed. 2009).

not impose any duration limits with regard to the leasing of homes. Under these circumstances, the absence of a specific minimum duration for leasing at best renders the restrictive covenants ambiguous. Therefore, the requirement of section 202.003 that we liberally construe a restrictive covenant to effectuate its intent does not apply, *see* Tex. Prop. Code § 202.003, and instead, we must resolve the ambiguity against the Association and in favor of the Zgabays' free and unrestricted use of their property. *See Wilmoth*, 734 S.W.2d at 657; *Hicks*, 2010 WL 3271723, at *7; *Sharp*, 2010 WL 45871, at *3; *Jennings*, 258 S.W.3d at 195; *Hoover*, 39 S.W.3d at 308-09.

The drafters of the restrictive covenants recognized and permitted the leasing of homes. They recognized and disallowed most temporary residencies in the context of temporary structures. They did not define "single family residential purposes" to exclude temporary or transitory use of permanent homes as dwellings.[5] Thus, the restrictive covenants are ambiguous and should

---

[5] In *Munson v. Milton*, the restrictions specifically barred the use of properties for business purposes, stating that tracts in the subdivision could be used for "residential, camping or picnicing purposes and shall never be used for business purposes. Motel, tourist courts, and trailer parks shall be deemed to be a business use." 948 S.W.2d 813, 815 (Tex. App.—San Antonio 1997, pet. denied). As observed by Justice Burgess in his dissent in *Benard v. Humble*, by specifying that use of a property as a motel or the like was a business use, the subdivision showed some intent to bar the short-term renting of properties. 990 S.W.2d 929, 932 (Tex. App.—Beaumont 1999, pet. denied) (Burgess, J., dissenting) (further observing that although covenants in *Benard* barred use of property for anything other than "single-family residential purposes," they contained no additional covenants to discern whether drafters intended to bar short-term rentals). The restrictions in this case do not include such an absolute bar. They merely prohibit structures other than dwellings "to be used for single family residential purposes" and go on to state that:

> No Activity, whether for profit or not, shall be conducted on any Tract which is not related to single family residential purposes, unless said activity meets the following criteria: (1) no additional exterior sign of activity is present, (b) it is the type of action that usually happens in a home, (c) no additional traffic, that would not be there normally, is created, and (d) nothing dangerous is present that should not be there.

That provision can be read as stating that a for-profit activity related to single family residential purposes may be conducted.

6

be interpreted in favor of the Zgabays. *See Hicks*, 2010 WL 3271723, at *7; *Sharp*, 2010 WL 45871, at *3; *Jennings*, 258 S.W.3d at 195; *Hoover*, 39 S.W.3d at 308-09; *Sherer*, 2 S.W.3d at 288. The trial court erred in granting summary judgment in favor of the Association.

## Conclusion

The restrictive covenants the Association sought to enforce against the Zgabays lack any unambiguous minimum duration for rentals. We therefore reverse the trial court's order granting summary judgment in favor of the Association, render judgment in favor of the Zgabays, dissolve the injunction imposed by the trial court, and remand the cause to the trial court for consideration of the issue of attorney's fees.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Reversed and Rendered in Part; Remanded in Part

Filed:   August 28, 2015