Concurring and Dissenting and Opinion filed January 25, 2007








Concurring and
Dissenting and Opinion filed
January 25, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01088-CV

____________

 

RAVIN SHARMA, ASHVIN DHINGRA, AMIT
BANSAL, JAMES REW, CHEMTRADE SOLUTIONS, INC., YANG WOO CHEMICAL AMERICA, INC.
AND J & J CHEMTRADING, INC., Appellants

 

V.

 

VINMAR INTERNATIONAL, LTD. AND
VINMAR OVERSEAS, LTD., Appellees

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 05-42636

 



 

C O N C U R R I N G    AND    D I S S E N T I N G    O P I N I O N








I concur in the majority=s disposition of
five of the six issues presented on appeal; however, I respectfully disagree
with the majority=s holding affirming Paragraph 2 of the
injunction, which states, ANo Defendant shall engage in any way in
the business of purchasing, transporting, storing, marketing, selling, or
trading Isoprene Monomer that is produced in Russia or Caprolactum either
supplied from Mexico or Belarus or sold in China.@  Because I agree
with the Rew appellants that this paragraph of the temporary injunction is
overly broad, I would modify this portion of the trial court=s order as to
these parties.  See T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc.,
965 S.W.2d 18, 25 (Tex. App.CHouston [1st Dist.] 1998, pet. dism=d) (modifying an
overly broad injunction).

The majority correctly notes that the purpose of a
temporary injunction is to preserve the status quo of the litigation=s subject matter
pending a trial on the merits.  See Butnaru v. Ford Motor Co., 84 S.W.3d
198, 204 (Tex. 2002).  But, as we have previously stated, an injunction Amay not be framed
so broadly as to prohibit the enjoyment of lawful rights.@ Kulkarni v.
Braeburn Valley W. Civic Ass=n, Inc., 880 S.W.2d 277,
278 (Tex. App.CHouston [14th Dist.] 1994, no writ) (citing Hellenic
Inv., Inc. v. Kroger Co., 766 S.W.2d 861, 866 (Tex. App.CHouston [1st
Dist.] 1989, no writ).  A temporary injunction is impermissibly overbroad if it
prohibits not only the use of confidential and proprietary information, but
lawful conduct as well.  See Sw. Research Inst. v. Keraplast Techs., Ltd.,
103 S.W.3d 478, 482B83 (Tex. App.CSan Antonio 2003,
no pet.).

The majority emphasizes that the Rew appellants traded no isoprene
or caprolactum before the events underlying this litigation; however, this
observation does not fully reflect the status quo ante.  Before the present
controversy arose between the parties, the Rew appellants had a limited legal
right to engage in international chemical trading. Although the Rew appellants
did not exercise that right, the right nevertheless existed, albeit within
certain limits.  For the purposes of this discussion, these limits were defined
by the non-competition and confidentiality agreements described in the majority=s opinion and by
the prohibition against the improper use of trade secrets.  Accordingly, the
Rew appellants could engage in international chemical trading if they acted
within these boundaries.  But, the temporary injunction arbitrarily replaces
these contractual and common law limits with geographical boundaries, imposing
barriers based on a chemical=s country of origin or sale.  








The majority implies that this distinction is immaterial on
the facts presented, and recites that while Togliatti was Vinmar=s only isoprene
supplier, there Awas also evidence that Togliatti was the
only Russian manufacturer selling isoprene for export.@  But, unlike the
Rew appellants, the international isoprene and caprolactum markets are not
bound to maintain the status quo as it existed before this controversy arose;
new suppliers and customers may enter the market during the pendency of the
litigation, and alternate transport and storage facilities may become
available.  Under the language of the injunction, the Rew appellants are not
only prohibited from dealing with suppliers and customers known to the Rew
appellants through the improper use and disclosure of Vinmar=s confidential
information, but currently are enjoined from commerce with any isoprene
supplier in Russia, any caprolactum supplier in Mexico or Belarus, and any
caprolactum purchaser in China, even if such entities are new entries in
the market or are otherwise strangers to Vinmar.  The injunction likewise bars
the Rew appellants from purchasing from new suppliers for resale within the
same country, even where Vinmar purchased chemicals solely for export.  The Rew
appellants are even enjoined from transporting or storing isoprene originating
in Russia, caprolactum supplied by Mexico or Belarus, and caprolactum sold in
China, even if they use methods, facilities, and supply chains never used by
Vinmar.  

In sum, the Rew appellants are enjoined from trading with
new suppliers, establishing original supply chains, using alternative storage
and transport facilities, and developing untapped markets for the sale of
isoprene or caprolactum in those nations where Vinmar operatesCregardless of
whether such actions infringe on appellees= rights. 
Moreover, the injunction does not restrict the Rew appellants= ability to
compete for only six months, as specified in the non-competition and
confidentiality agreements with Vinmar, but has been in effect for over a year,
and will continue until trial.








Because the injunction imposes restrictions on the Rew
appellants beyond those arising from their relationship with Vinmar and enjoins
them from engaging even in lawful competition that does not involve the use of
confidential information, I would hold that the trial court abused its
discretion by granting the injunction in its current overly broad form.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment Rendered and Opinion and
Concurring and Dissenting Opinion filed January 25, 2007.

Panel consists of Justices Anderson,
Hudson, and Guzman.(J., Anderson files majority).