**Frans GILLEBAARD and Diane Gillebaard, Appellants**

v.

**BAYVIEW ACRES ASSOCIATION, INC., Abbott Sprague, Lloyd Thorton,[1] James Flanigan, and Charlie Prioleau, Appellees.**

No. 01–05–00961–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 15, 2007.

---

1. Loyd Thorton indicates in his "Answer to Plaintiff's Original Petition" that his name was incorrectly spelled "Lloyd Thorton." We refer to him as "Lloyd Thorton" on appeal because that is how his name is spelled in the orders granting summary judgment, the final judgment dated November 7, 2005, the record below, and the briefs on appeal.

Thomas W. McQuage, Galveston, for Appellants.

Jack C. Brock, George W. Vie, III, Mills, Shirley, Eckel & Bassett, Galveston, James J. McConn, Jr., Michael M. Gallagher, Hayes, McConn, Rice & Pickering, Houston, for Appellees.

Panel consists of Justices TAFT, JENNINGS, and ALCALA.

## OPINION

TIM TAFT, Justice.

Appellants, Frans and Diane Gillebaard ("the Gillebaards"), challenge the trial court's rendition of summary judgment in favor of appellees, Abbott Sprague, Lloyd Thorton, James Flanigan, and Charlie

Prioleau ("the Individual Appellees") and Bayview Acres Association, Inc. ("Bayview Association"); its declaration that the "Amended and Restated Restrictions for Bayview Acres" subdivision were valid and enforceable; and its denial of the Gillebaards' cross-motion for partial summary judgment. We determine whether the trial court erred in granting appellees' motions for summary judgment and in denying the Gillebaards' motion for partial summary judgment because, as argued by the Gillebaards, the procedures for amending deed restrictions under sections 204.005 and 204.006 of the Texas Property Code were not followed. *See* TEX. PROP. CODE ANN. §§ 204.005, 204.006 (Vernon 2007). We reverse the judgment in part, we affirm it in part, and we remand the cause for further proceedings and with instructions.

## Background

Bayview Acres is a residential real estate subdivision in Galveston County, Texas. Bayview Acres has had deed restrictions in effect for more than 70 years. In September 1995, the Gillebaards acquired five lots in Bayview Acres that totalled more than six acres. In 1999, a petition was circulated to the property owners in Bayview Acres for the purpose of amending Bayview Acres' deed restrictions pursuant to chapter 201 of the Texas Property Code.[2] The 1999 modifications were adopted by the property owners of Bayview Acres. The deed restrictions affecting the Gillebaards' property in Bayview Acres at the time that appellees attempted to modify the restrictions ("the 1999 express deed restrictions") provided, in relevant part:

1. No garage or outbuilding shall be erected on said property to be permanently used as a residence, and in no case shall a garage be used as a residence to exceed twelve (12) months from the beginning of the erection of said garage.

2. No residence or outbuilding shall be left unpainted.

3. No yard toilet shall be erected on said property, and the Grantees specifically agree to construct a cesspool or install septic tank or a similar contrivance for sewage disposal, to which toilet shall be connected.

4. Property conveyed in BAYVIEW ACRES during the period of time that the restrictions herein set forth are in effect, shall be used only for residence purposes [hereinafter referred to as the "residential-use restriction"].

5. The extended or new (if the restrictions have lapsed for any reason) restrictions will be effective for a term of 10 years from January 1, 2000, after which period the restric-

---

**2.** Chapter 201 applies to a residential real estate subdivision that is located in whole or in part:
 (1) within a city that has a population of more than 100,000, or within the extraterritorial jurisdiction of such a city
 (2) in the unincorporated area of:
 (A) a county having a population of 2,400,000 or more; or
 (B) a county having a population of 30,-000 or more that is adjacent to a county having a population of 2,400,000 or more; or

 (3) in the incorporated area of a county having a population of 2,400,000 or more.
TEX. PROP.CODE ANN. § 201.001(a) (Vernon 2007).
Because of the absence of an express procedure for amendment within the original deed restrictions, Texas Property Code section 201.005 provided, by default, the procedure for additions to or modifications of Bayview Acres' original deed restrictions. *See id.* § 201.005 (Vernon 2007).

tions will be automatically extended for successive periods of 10 years, unless within one year prior to any such automatic renewal date, 75 percent of the then property owners of Bayview Acres file a petition declaring that the automatic extension shall not occur.

The only exception to the residential-use restriction was granted to the Texas Corinthian Yacht Club in 1937.[3]

In July 2004, the Gillebaards contracted with South Texas Projects, Inc. ("the Condominium Developer") to sell their property. The contract specifically provided that the Gillebaards' property was being acquired for the construction of a residential condominium development. The Gillebaards agreed that the Condominium Developer could conduct a "feasibility study" to determine whether the Gillebaards' property could be developed for its intended purpose.

On August 20, 2004, the Individual Appellees filed written notice of the formation of a property owners' association petition committee. *See* TEX. PROP.CODE ANN. §§ 201.005(a), 204.006(a)(1) (Vernon 2007). The August 20 formation-of-a-petition-committee notice stated that a petition committee "was formed for the sole purpose of creating and operating a property owners' association as set forth in Article II of the proposed Amended and Restated Restrictions for Bayview Acres." The August 20 formation-of-a-petition-committee notice attached and incorporated by reference the Amended and Restated Restrictions for Bayview Acres ("the Amended and Restated Restrictions"), which sought

> ... to add to and [to] modify the [1999 express deed] restrictions for Bayview Acres in the following order: (i) first by adding provisions to the restrictions for the purpose of creating and operating the Association so that the Association is a designated representative of the owners of property within Bayview Acres subdivision, as authorized by Texas Property Code Section 204.006; and then (ii) adding to, modifying and restating the restrictions for Bayview Acres as set forth [in the document].

Specifically, the Amended and Restated Restrictions, in pertinent part, modified the residential-use restriction to require that all property in Bayview Acres be used for single-family residential purposes ("the single-family-use restriction"). Also on August 20, 2004, the articles of incorporation for Bayview Acres Association, Inc. ("Bayview Association") were filed with the Texas Secretary of State.

The petition committee circulated the Amended and Restated Restrictions as a petition to Bayview Acres property owners ("the petition"). On August 23, 2004,[4] three days after the August 20 formation-of-a-petition-committee notice was filed, the petition committee filed the Amended

---

3. This exception was granted by an instrument dated August 31, 1937 and recorded in the records of Galveston County, Texas, by the persons owning all of the property within Bayview Acres at that time.

4. In their brief, the Gillebaards state that the petition committee filed the acknowledged Amended and Restated Restrictions on August 30, 2004. However, appellees' motions for summary judgment stated that appellees had filed the acknowledged Amended and Restated Restrictions on August 23, 2004.

There is no file-stamped date from the Galveston County Clerk on the acknowledged Amended and Restated Restrictions in the appellate record. However, because there is a receipt dated August 23, 2004 from the Galveston County Clerk on a separate page located immediately before the acknowledged Amended and Restated Restrictions, we refer to the filing date of the acknowledged Amended and Restated Restrictions as August 23, 2004.

and Restated Restrictions, which had been approved by more than 75 percent of the property owners in Bayview Acres. *See id.* §§ 204.005(a), 204.006(a). On September 27, 2004, the Gillebaards filed a "Statement of Exclusion from Amended and Restated Restrictions for Bayview Acres" pursuant to section 201.009 of the Texas Property Code to have their property "deleted and excluded from Amended And Restated Restrictions for Bayview Acres." *See id.* § 201.009(b)(4) (Vernon 2007).

On September 27, 2004, the Gillebaards filed suit against the Individual Appellees and Bayview Association, seeking declaratory judgment that (1) the Amended and Restated Restrictions were invalid or unenforceable because appellees had not complied with the requirements of chapter 204 of the Texas Property Code; (2) alternatively, the Amended and Restated Restrictions did not apply to the Gillebaards' property because they had opted out under chapter 201 of the Texas Property Code; and (3) alternatively still, the Amended and Restated Restrictions were invalid or unenforceable because of the changed character of Bayview Acres. The Gillebaards also sought a declaration that the title "to their property is not encumbered by any cloud evidenced or created by" the Amended and Restated Restrictions. The Gillebaards also asserted against the Individual Appellees a claim for tortious interference with their contractual relationship with the Condominium Developer. On October 19, 2004, the Condominium Developer terminated its contract to purchase the Gillebaards' property because the single-family residence restriction made the construction of a resi-

dential condominium development unfeasible.

On April 4, 2005, the Gillebaards filed a rule 166a(c) motion for partial summary judgment against appellees. *See* Tex.R. Civ. P. 166a(c). The Gillebaards moved for summary judgment on their declaratory-judgment cause of action on the grounds that the Amended and Restated Restrictions were invalid or unenforceable because appellees had not complied with the requirements of chapter 204 of the Texas Property Code and, alternatively, because the Amended and Restated Restrictions did not apply to the Gillebaards' property because they had opted out under chapter 201 of the Texas Property Code.

On May 17, 2005, Bayview Association responded to the Gillebaards' motion for partial summary judgment and filed its own rule 166a(c) motion for summary judgment,[5] against all of their claims, on the grounds that (1) the Amended and Restated Restrictions were valid and enforceable because appellees had complied with the requirements of chapter 204 of the Texas Property Code and (2) the historical growth and development of Bayview Acres did not invalidate the Amended and Restated Restrictions. On the same day, the Individual Appellees also responded to the Gillebaards' rule 166a(c) motion for partial summary judgment and filed their own rule 166a(c) motion for partial summary judgment on the ground that the Amended and Restated Restrictions were valid and enforceable because appellees had complied with the requirements of chapter 204 of the Texas Property Code. The Individual Appellees' summary-judg-

---

**5.** At trial and on appeal, the Gillebaards argue that Bayview Association filed a "no-evidence" motion for summary judgment. *See* Tex.R. Civ. P. 166a(i). However, we construe Bayview Association's motion for summary judgment to be a rule 166a(c) motion because, in its motion for summary judgment, Bayview Association cited to Texas Rule of Civil Procedure 166a(c) and, on appeal, Bayview Association states that it "sought traditional summary judgment" on the Gillebaards' claims. *See* Tex.R. Civ. P. 166a(c).

ment motion did not address the tortious-interference claim alleged against them.

In three summary-judgment orders signed August 25, 2005, the trial court denied the Gillebaards' motion for partial summary judgment, granted appellees' motions for summary judgment, and declared, "The Amended And Restated Restrictions for Bayview Acres which were enacted on August 23, 2004 and approved by owners representing approximately 83% of property within Bayview Acres are valid and enforceable." The trial court did not state the grounds for its rulings. The Gillebaards considered these three orders to have defeated not only their declaratory-judgment requests, but also their tortious-interference claim for damages against the Individual Appellees, as the latter claim was predicated on the Amended and Restated Restrictions' being invalid. In an abundance of caution,[6] on August 30, 2005, the Gillebaards moved the trial court to dismiss without prejudice "any claim for damages from [appellees] which is not predicated upon the issue determined in [appellees'] favor on motion for summary judgment, and which would remain viable in the face of the Court's order granting [appellees'] summary judgment motions effectively upholding the validity of the Amended and Restated Restrictions...." On November 7, 2005, the trial court granted their motion to dismiss, dismissing without prejudice any claims for damages that might have survived the summary-judgment rulings.[7] On that same date, the trial court denied appellees'

motions for attorney's fees, rendering the judgment final.

## Summary Judgment

In two issues, the Gillebaards contend that the trial court erred in denying their motion for partial summary judgment and in granting Bayview Association's and the Individual Appellees' summary-judgment motions.

### A. Standard of Review and Burdens of Proof

■ A party seeking to enforce a deed restriction has the burden of proof at trial to show that the restrictions are valid and enforceable. *City of Pasadena v. Gennedy*, 125 S.W.3d 687, 695 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

A party moving for rule 166a(c) summary judgment must conclusively prove all of the elements of its cause of action or defense as a matter of law. TEX.R. CIV. P. 166a(c); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex.1999).

When a summary-judgment order does not specify or state the grounds on which the trial court relied, on appeal, the nonmovant must negate any grounds on which the trial court could have relied, and a reviewing court will affirm the summary-judgment order if any of the grounds presented is meritorious. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Mellon Serv. Co. v. Touche Ross & Co.*, 17 S.W.3d 432,

---

**6.** The Gillebaards' dismissal motion recited that they "believe[d] ... that their claims for damages [were] predicated upon [appellees'] conduct" in adopting the Amended and Restated Restrictions, so that the three summary-judgment orders together rendered a final judgment, with no claims of theirs remaining pending. The Gillebaards indicated

that their dismissal motion was filed simply to ensure that no other claims that their petition might be read to allege would remain.

**7.** The order of dismissal granting the Gillebaards' motion likewise recited that it was being entered "[t]o the extent necessary" to render the judgment final.

435 (Tex.App.-Houston [1st Dist.] 2000, no pet.). In other words, a non-movant is required to show that each ground alleged in the movant's motion for summary judgment was insufficient to support the trial court's ruling. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

In an appeal from a summary judgment, our scope of review is limited. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex.1997). The movant's summary-judgment motion "must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone." *Id.* Issues that were not expressly presented to the trial court by the written motion for summary judgment cannot be considered by an appellate court as grounds for affirmance of a summary-judgment motion that was granted. *See* Tex.R. Civ. P. 166a(c); *Science Spectrum, Inc.*, 941 S.W.2d at 912.

 When both sides move for summary judgment, and the trial court grants one motion and denies the other, a reviewing court should ordinarily review the parties' summary-judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000). "However, before a court of appeals may reverse summary judgment for one party and render judgment for the other party, both parties must ordinarily have sought final judgment relief in their cross motions for summary judgment." *CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex.1998). Nonetheless, when the relief sought is a declaratory judgment, an appellate court may properly render judgment on liability alone. *Id.*

The propriety of summary judgment is a question of law, and we thus review the trial court's ruling *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003).

## B. Propriety of Rendition of Summary Judgment for Appellees

### 1. Chapter 204 of the Texas Property Code

In their first issue, the Gillebaards argue that appellees did not comply with chapter 204 of the Texas Property Code for adopting the Amended and Restated Restrictions and, alternatively, that the Amended and Restated Restrictions did not apply to the Gillebaards' property because they had opted out under chapter 201 of the Texas Property Code.[8]

The Amended and Restated Restrictions sought to amend the 1999 express deed restrictions in two ways: first, to add provisions for the purpose of creating and operating a property owners' association (Bayview Association) under section 204.006 of the Texas Property Code, and second, to add to and to modify those

---

8. Appellees do not contend that the Amended and Restated Restrictions were valid under any chapter of the Texas Property Code other than chapter 204. The Amended and Restated Restrictions specifically provided that they were being added to or modified pursuant to sections 204.006 and 204.005 of the Texas Property Code. Indeed, the Gillebaards imply that the Individual Appellees sought to amend the existing restrictions as a property owners' association pursuant to section 204.005 in order to bypass entirely the "opt-out" provision of chapter 201 of the Texas Property Code. *Compare* Tex. Prop.Code Ann. § 204.006(c) (Vernon 2007) (stating, "If the petition [to create a property owners' association under section 204.006] is approved, the petition is binding on all properties in the subdivision or sections as applicable.") *and id.* § 204.005(d) (stating that if petition is approved under section 204.005, it is binding on all properties in subdivision) *with id.* § 201.009 (allowing for property owners to opt out of restrictions that are added, modified, created, or extended under chapter 201 if owners comply with certain provisions).

restrictions with provisions other than those creating and operating a property owners' association (such as adding the single-family-use restriction) under section 204.005 of the Texas Property Code. We construe the Gillebaards' argument under chapter 204 to be that appellees did not properly amend the 1999 express deed restrictions for either of these purposes.[9]

### a. Standard of Review

 Our analysis requires interpreting the provisions of Texas Property Code chapter 204. Statutory interpretation is a question of law, and our review is thus *de novo*. *Knott*, 128 S.W.3d at 215. Our primary goal is to ascertain and to effectuate the Legislature's intent. *In re Canales*, 52 S.W.3d 698, 701 (Tex.2001). In doing so, we begin with the statute's plain language because we assume that the Legislature tried to say what it meant and, thus, that its words are the surest guide to its intent. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex.1999). In ascertaining legislative intent, we do not confine our review to isolated statutory words, phrases, or clauses, but we instead examine the entire act. *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex.2001). We may also consider, among other things, the statute's objectives and the consequences of the statutory construction. *See* TEX. GOV'T CODE ANN. § 311.023(1)-(7) (Vernon 2005); *Canales*, 52 S.W.3d at 702. We construe words according to their common usage, unless they have acquired a technical or particular meaning. *See* TEX. GOV'T CODE ANN. § 311.011(a), (b) (Vernon 2005).

### b. The Gillebaards' Arguments

The Individual Appellees attempted—in the same petition and ostensibly acting on behalf of Bayview Association—to modify the 1999 express deed restrictions both to create Bayview Association and to add, among other things, the single-family-use restriction. The Gillebaards argue, in part of their first issue, that the procedure for amending existing deed restrictions under sections 204.005 and 204.006 of the Texas Property Code was not followed because the petition in which the amendment was made was not approved or circulated by the property owners' association, but, rather, by individual property owners. That is, the Gillebaards argue that the petition could not have been approved and circulated by a property owner's association, as required by section 204.005, that did not exist until after the petition had been approved and circulated. Put still another way, Bayview Association could not approve and circulate the same petition that gave it authority to act for the subdivision's homeowners.

### c. Analysis of the Statutes

Section 204.006 provides:

(a) If existing restrictions applicable to a subdivision do not provide for a property owners' association and require approval of more than 60 percent of the owners to add to or modify the original dedicating instrument, a petition to add to or modify the existing restrictions *for the sole purpose of creating and operating a property owners' association* with mandatory membership, mandatory regular or special assessments, and equivalent voting rights for each of the owners in the subdivision *is effective if:*

(1) *a petition committee has been formed as prescribed by Section 201.005;*

---

9. We address the Gillebaards' alternative argument regarding chapter 201 under the heading titled "Chapter 201 of the Texas Property Code."

TEX. PROP.CODE ANN. § 204.006(a) (emphasis added). Section 201.005, in turn, contemplates that a petition committee of owners be the entity that gives the notice required to make the addition or modification that section 204.006 authorizes. *Id.* § 201.005(a); *see id.* § 201.003(7) (Vernon 2007) (" 'Petition committee' or 'committee' means a group of three or more owners who file with the county clerk a notice as required by Section 201.005(a) and who prepare and circulate a petition as allowed under this chapter.").

In contrast, section 204.005 provides:

*A property owners' association* has authority to approve and circulate a petition relating to the extension of, addition to, or modification of existing restrictions.

*Id.* § 204.005(a) (emphasis added); *see id.* § 204.005(b) ("A petition to extend, add to, or modify existing restrictions approved and circulated *by a property owners' association* is effective if. . . ."). Likewise, section 204.008 provides that "[a]n extension, addition to, or modification of restrictions *proposed by a property owners' association*" may be adopted by various means. *Id.* § 204.008 (Vernon 2007) (emphasis added).

■ The plain language of these sections reflects a due order of action to invoke chapter 204: the existing deed restrictions must first be amended, by one petition, to create a property owners' association and to establish how it will operate, and only after the restrictions are amended to do so may that association then propose, approve, and circulate a new petition for the purpose of extending, adding

to, or modifying the deed restrictions in other ways. The plain meaning of the term "sole," as used in section 204.006(a), is "the only one; only." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 1815 (2nd ed.2001); *see* TEX. GOV'T CODE ANN. § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). The petition that section 204.006(a) sanctions is one that seeks to amend or to modify existing deed restrictions for "the *sole* purpose" of creating and operating a property owners' association. TEX. PROP. CODE ANN. § 204.006(a) (emphasis added); *see In re Canales,* 52 S.W.3d at 701 (providing that if statute is unambiguous, it should generally be given its plain meaning without resorting to external sources for interpretation). That means that the only purpose of that petition can be, ultimately, to create and to operate a property owners' association.

This reading also comports with common sense. A property owners' association cannot conduct the preliminary steps of proposing, approving, and circulating a petition, as required to invoke section 204.005, if the deed restrictions have not yet been amended to create an association with the power to do these things on the homeowners' behalf. Here, for example, the Individual Appellees proposed, approved, and circulated the petition that *both* created Bayview Association *and* amended the 1999 express deed restrictions in other ways. Assuming without deciding that Bayview Association was validly created by this petition,[10] it was still

---

10. The two prerequisites for invoking section 204.006(a) to create and to operate a property owners' association are that the "existing restrictions ... [1] not provide for a property owners' association and [2] require approval of more than 60 percent of the owners to add or to modify the original dedicating instru-

ment." *Id.* § 204.006(a). The first restriction requires that the existing deed restrictions *omit* something (property owners' association), whereas the second prerequisite requires that the deed restrictions *contain* something (specific provision to add or to modify the dedicating instrument). Chapter

the *Individual Appellees,* not Bayview Association, who proposed, approved, and circulated the petition that amended the 1999 express deed restrictions in ways other than creating the association. That is, the entity seeking to amend the deed restrictions to include the single-family-use restriction could not have been Bayview Association because that corporation had not been given the power to act for the subdivision's homeowners at the time that the preliminary steps of proposing, approving, and circulating that amendment took place.

Appellees first respond that our interpretation renders meaningless part of the phrase "for the sole purpose of creating and operating a property owners' association" in section 204.006(a). *Id.* § 204.006(a). Specifically, they argue that, by its including the phrase "and operating," the Legislature intended to allow the same petition both to create a property owners' association and to allow that newly created association simultaneously to do whatever else chapter 204 allows such associations to do (*i.e.,* "to operate"). We reject this interpretation because it runs contrary to the express language in chapter 204's other provisions that requires the *property owners' association*—that is, the entity that a

subdivision's deed restrictions already recognize to act on its homeowners' behalf—to propose, to approve, and to circulate extensions of, additions to, or modifications the subdivision's deed restrictions.[11] *See id.* §§ 204.005(a), (b), (e), 204.008. We must construe section 204.006(a)'s language in context. *See Meritor Auto., Inc.,* 44 S.W.3d at 90. Considering the overall scheme of chapter 204 and the plain language of section 204.006(a) discussed above, we hold that the phrase "for the sole purpose of creating and operating a property owners' association" in section 204.006(a) means for the sole purpose of creating the association and establishing the terms under which it will operate, *e.g.,* the association's powers and duties.

Alternatively, appellees respond that Bayview Association—rather than the Individual Appellees—proposed, approved, and circulated the petition because Bayview Association was incorporated before the petition notice circulated and because that corporation's board of directors had, as the Amended and Restated Restrictions recited, "approved the contents of" the proposed amended restrictions and had "directed that it be circulated for approval by the owners of real property" within

204 defines "restrictions" as "one or more restrictive covenants *contained in* or incorporated by reference in a properly *recorded* map plat, replat, or other instrument *filed in the county real property records,* map records, or deed records." *Id.* § 204.001(1) (Vernon 2007) (emphasis added) (giving "restrictions" same definition as in section 201.003 of Texas Property Code); *see id.* § 201.003(1) (Vernon 2007). Here, Bayview Acres' "existing restrictions applicable to a subdivision" (the 1999 express deed restrictions) did not contain provisions for adding to or modifying the original dedicating instrument and thus did not meet the second prerequisite of section 204.006(a). However, we may not reverse any of the trial court's summary-judgment rulings on this basis because the Gillebaards do not raise this argument on appeal. *See*

*Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex. 1993) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error."). For purposes of our discussion, therefore, we must assume that both prerequisites of section 204.006(a) were met.

11. This language is in accord with the purpose of chapter 204: "The purpose of this Act is to: ... provide a less burdensome procedure for extending the term of, adding to, or modifying residential real estate restrictions by approval and circulation of a petition *by a property owners' association.*" Act of May 27, 1995, 74th Leg., R.S., ch. 1040, § 1, 1995 Tex. Gen. Laws 5170, 5171 (emphasis added).

Bayview Acres. We disagree. The mere incorporation of Bayview Association, without more, did not empower it to act for the subdivision's property owners or give it the right to invoke the provisions of section 204.005. *See, e.g.,* TEX. PROP.CODE ANN. § 204.004 (Vernon 2007) ("A property owners' association is a *designated representative* of the owners of property in a subdivision ... The membership of the association consists of the owners of property within the subdivision.") (emphasis added). Rather, the 1999 express deed restrictions first had to be amended to provide that that corporation would function as the homeowners' representative. *See id.* § 204.006 (providing method for creating homeowners' association in certain circumstances). It is self-evident that no entity can operate as the property owners' association for a subdivision, so as to represent and to bind the subdivision's homeowners, unless the subdivision's deed restrictions so provide.

## 2. Chapter 201 of the Texas Property Code

In their first issue, the Gillebaards alternatively argue that because Texas Property Code chapter 204 was not properly followed, Texas Property Code chapter 201 automatically applied to the petition. Although their brief is not entirely clear, the Gillebaards appear to argue both that (1) a property owner can file an acknowledged exclusion statement pursuant to section 201.009 to exclude the owner's property from deed restrictions modified under chapter 204 and (2) the petition was, in effect, promulgated under chapter 201, and the Gillebaards opted out under section 201.009 of that chapter. *See id.* § 201.009(b)(4). Because we have already held that the trial court erred in rendering summary judgment and declaring the Amended and Restated Restrictions to be valid and enforceable for other reasons, we need not reach either of these alternative arguments based on chapter 201.

## 3. Propriety of Granting Summary Judgment for Appellees

Appellees moved for summary judgment on the ground that the Amended and Restated Restrictions were valid and enforceable because appellees had complied with the requirements of chapter 204 of the Texas Property Code. However, we have already held that those amendments were invalid as a matter of law because the procedures of sections 204.005 and 204.006(a) of the Texas Property Code were not followed. Because appellees did not meet their summary-judgment burden, the trial court erred in granting their motions and in declaring, "The Amended And Restated Restrictions for Bayview Acres which were enacted on August 23, 2004 and approved by owners representing approximately 83% of property within Bayview Acres are valid and enforceable." *See* TEX.R. CIV. P. 166a(c); *Wolf,* 44 S.W.3d at 566; *Rhone–Poulenc, Inc.,* 997 S.W.2d at 222–23.

## C. Propriety of Denial of Summary Judgment for the Gillebaards

The Gillebaards moved for partial summary judgment on their declaratory-judgment cause of action on the ground that the Amended and Restated Restrictions were invalid or unenforceable in their entirety because appellees had not complied with the requirements of chapter 204 of the Texas Property Code and, alternatively, because the Amended and Restated Restrictions did not apply to the Gillebaards' property because they had opted out under chapter 201 of the Texas Property Code. Under their first issue, the Gillebaards challenge the trial court's denial of their motion for partial summary judgment on both of these grounds.

In their motion for partial summary judgment, the Gillebaards asserted that the petition was invalid because it was not approved or circulated by a property owners' association, as required by section 204.005, but, rather, was approved and circulated by individual property owners (*i.e.,* a petition committee). This is the same argument with which we have agreed above. Accordingly, for the reasons stated above, we hold that the trial court erred in denying the Gillebaards' motion for partial summary judgment to the extent that their motion asserted that the Amended and Restated Restrictions were invalid or unenforceable in their entirety because appellees had not complied with the requirements of sections 204.005 and 204.006(a) of the Texas Property Code. Given our disposition, we need not reach the Gillebaards' alternative summary-judgment ground that they could have opted out of the Amended and Restated Restrictions under chapter 201 of the Texas Property Code.

### Conclusion

We sustain the Gillebaards' first issue to the extent that it asserts that the trial court erred by granting appellees' summary-judgment motions and by denying the Gillebaards' motion for partial summary judgment based on a violation of section 204.[12] We reverse those portions of the judgment, including the trial court's declaration that the Amended and Restated Restrictions for Bayview Acres are valid and enforceable. We affirm those portions of the judgment that (1) dismissed without prejudice any remaining claims of the Gillebaards surviving summary judgment and (2) denied appellees' requests for attorney's fees. We remand the cause for further proceedings. Upon remand, the trial court is instructed to declare that the Amended and Restated Restrictions for Bayview Acres are invalid and unenforceable. *Cf. CU Lloyd's of Tex. v. Feldman,* 977 S.W.2d 568, 569 (Tex.1998) (indicating that, in appeal of declaratory judgment upon cross-motions for summary judgment, one of which motions seeks only partial relief, appellate court may render judgment on liability). We note that, upon remand, the Gillebaards' tortious-interference claim, as well as their request for attorney's fees under the Declaratory Judgment Act, remain pending.

---

12. Because we have sustained and given relief on part of the Gillebaards' first issue, we need not reach their second issue, which alternatively asserts changed conditions—an affirmative defense to the enforcement of the single-family-use restriction—as a ground for granting summary judgment in their favor. *See Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943, 945 (1958) (holding that change in conditions is affirmative defense that must be specifically pleaded and proved); *Oldfield v. City of Houston,* 15 S.W.3d 219, 228 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) (superceded by statute on other grounds); *Homsey v. Univ. Gardens Racquet Club,* 730 S.W.2d 763, 765 (Tex.App.-El Paso 1987, writ ref'd n.r.e.).