**Opinion issued March 1, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-15-00429-CV

_____

### EILEEN K. STARBRANCH, Appellant

### V.

### ELIZABETH HOWARD CROWELL, Appellee

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-14192**

---

## MEMORANDUM OPINION

Elizabeth Crowell sued her neighbor Eileen Starbranch to challenge the validity of a putative homeowners' association formed by Starbranch and several other neighbors. After Starbranch conceded that the association was not validly formed, the trial court granted Crowell's motion for summary judgment awarding

Crowell attorney's fees. Because Crowell's lawsuit is an action to quiet title for which fees are unavailable, we reverse in part and render judgment that Crowell take nothing on her claim for attorney's fees.

## BACKGROUND

Crowell purchased a parcel of land in Houston's Museum District. Crowell planned to subdivide the large lot, keeping a portion of it to live on herself and building homes for sale on other parts of the property. Crowell's plans proved unpopular with her neighbors-to-be, who formed a "petition committee" and began collecting signatures to form a homeowners' association. Several nearby property owners signed the petition to create the Jandor Gardens Association, Inc., including Starbranch. The Association purported to amend the 1929 deed restrictions to prohibit further subdivision of lots, frustrating Crowell's construction plans.

Crowell responded by suing the Association's members. Crowell's petition alleged that her neighbors had "conspir[ed] to form a bogus 'property owners' association'" for the purpose of enacting discriminatory deed restriction amendments targeting Crowell. The petition asked for a declaratory judgment to quiet title. Starbranch did not timely answer Crowell's petition.

Crowell moved for a partial summary judgment, asking that the trial court declare that the Association's filings in the real property records "ha[d] no force

and effect, [were] nullified, and [were] no longer a cloud on the title to, and right of ownership of, the Property." The trial court granted Crowell's motion, ordering that the petition to create the Jandor Gardens Association "has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property." Crowell then settled with all defendants except Starbranch, who had not appeared.

A year later, Starbranch answered Crowell's lawsuit. After another exchange of pleadings, Crowell moved for summary judgment and Starbranch moved for a no-evidence summary judgment. Starbranch did not contest the trial court's earlier order granting declaratory relief, but she adduced evidence that she had disclaimed any interest in the Crowell property and had filed the disclaimer in the real property records.

Noting that the disclaimer had come only after suit was filed, Crowell asked the trial court for attorney's fees under the Declaratory Judgment Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015). Starbranch opposed the award of attorneys' fees, arguing that a plaintiff cannot obtain attorney's fees by re-pleading a claim to remove cloud on title as a declaratory judgment claim. The

trial court awarded Crowell $26,462 in fees. Crowell nonsuited her remaining claims against Starbranch, making the trial court's judgment final.[1]

## DISCUSSION

Starbranch challenges the trial court's award of attorney's fees against her, arguing that Crowell may not recast her claim to remove clouds from title as a suit for declaratory judgment to support an award of attorney's fees.

### I.   Standard of Review and Applicable Law

The Uniform Declaratory Judgment Act ("UDJA") "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 706 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). Because the grant or denial of attorney's fees is within the discretion of the trial court, we will not disturb it on

---

[1] The trial court never ruled on the parties' separate cross-motions for summary judgment with respect to the claims against Starbranch. In her motion for nonsuit, Crowell contended that the trial court's earlier order granting declaratory relief rendered the parties' motions moot once Crowell abandoned her other claims and thus the order granting nonsuit made the trial court's earlier orders final. Neither party contests the finality of the judgment on appeal, nor does Starbranch challenge the propriety of the award of fees for lack of an underlying liability finding.

appeal in the absence of a clear showing that it abused its discretion. *Oake v. Collin Cty.*, 692 S.W.2d 454, 455 (Tex. 1985); *Indian Beach*, 222 S.W.3d at 706. A trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *Indian Beach*, 222 S.W.3d at 706. Because the trial court did not specify its grounds for awarding attorney's fees, we uphold its ruling on any basis supported by the evidence. *See Weingarten Realty Inv'rs v. Harris Cty. Appraisal Dist.*, 93 S.W.3d 280, 283 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

## II. Analysis

Starbranch challenges the trial court's award of attorney's fees against her, citing our decision in *Southwest Guaranty Trust Company*. *Sw. Guar. Tr. Co. v. Hardy Rd. 13.4 Joint Venture*, 981 S.W.2d 951 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). In that case, we considered the availability of attorney's fees in a suit for a declaration that a lien on the plaintiff's real property was invalid. *Id.* at 952–53. We held that the declaratory judgment claim was in substance a quiet title claim. *Id.* at 957. Attorney's fees are not available in a suit to quiet title or remove cloud from title, and as we observed, "[a] declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute . . . ." *Id.* at 956–57. Thus, we held, the plaintiff could not use the

Declaratory Judgment Act to circumvent the unavailability of attorney's fees based on his quiet title claim. *Id.* at 957.

Crowell premised her motion for summary judgment on attorney's fees solely on the Declaratory Judgment Act's fee provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. Where a claim for declaratory relief is "merely incidental to [] title issues," the Declaratory Judgment Act will not support an award of attorney's fees. *See Sani v. Powell*, 153 S.W.3d 736, 745–46 (Tex. App.—Dallas 2005, pet. denied) (quoting *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 269 (Tex. 2002)). Thus, unless Crowell's declaratory judgment claim has some substance independent of her action to quiet title, she may not recover under the Act.

Crowell sought declarations invalidating her neighbors' deed office filings. These declarations duplicate the relief afforded by a successful suit to quiet title. *See Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property.") (citing *Longoria v. Lasater*, 292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio 2009, pet. denied)).

Relying on *Gillebaard v. Bayview Acres Association, Inc.*, Crowell contends that a declaratory judgment in a case involving the purported creation of a property

owners' association allows for an award of attorney's fees. 263 S.W.3d 342 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Like the present case, *Gillebaard* concerned the validity of an attempt to amend neighborhood deed restrictions. *Id.* at 344–47. In remanding the case, we directed the trial court to declare that the deed amendments at issue were invalid, and we noted that a tortious interference claim and a request for attorney's fees under the Declaratory Judgment Act "remained pending." *Id.* at 353. *Gillebaard* did not address whether an award of attorney's fees was appropriate when the only relief afforded is to quiet title.

Such is the relief afforded in this case. The trial court declared the property deed amendments and recorded filings purporting to create the association "nullified, and [] no longer a cloud on the title to, and right of ownership of, the Property." The purpose of a suit to quiet title is to remove encumbrances from the plaintiff's title. *See Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886)) (observing that the action to remove cloud from title exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.")). The declaratory relief sought and obtained in this case quieted title; in such instances, a recovery of attorney's fees is unavailable. *See id.* Accordingly, we hold that Crowell cannot recover attorney's fees on such a claim by re-pleading it as a declaratory judgment action. *See Essex*

*Crane*, 371 S.W.3d at 388; *Hahn*, 321 S.W.3d at 531; *Sani*, 153 S.W.3d at 745–46; *Sw. Guar. Trust Co.*, 981 S.W.2d at 957.

## Conclusion

Because Crowell has not demonstrated a basis for the recovery of attorney's fees, we reverse the trial court's summary judgment on attorney's fees and render judgment that she take nothing on her claim for attorney's fees. The judgment is affirmed in all other respects.


Jane Bland
Justice

Panel consists of Justices Bland, Brown, and Lloyd.